UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF COREVEST AMERICAN FINANCE 2020-1 TRUST MORTGAGE PASS-THROUGH CERTIFICATES,<br><br>                              Plaintiff,<br><br>            -against-<br><br>HIRSCHHORN ESTATES LLC, MEYER HIRSCHHORN, CITY OF ROCHESTER and JOHN DOE NO. I THROUGH JOHN DOE NO. XXX, inclusive, the last thirty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>                              Defendants. | Case No. 6:23-cv-06662-EAW |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT RECEIVER**

                                    POLSINELLI PC
                                    Bradley R. Gardner, Esq.
                                    600 Third Avenue, 42nd Floor
                                    New York, New York 10016
                                    (212) 684-0199
                                    bgardner@polsinelli.com

                                    *Attorneys for Plaintiff*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

PROCEDURAL HISTORY.................................................................................................. 2

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ......................................................................................................................... 5

    A.   Applicable Law ......................................................................................................... 5

    B.   Appointment of a Receiver is Warranted under Applicable Law ....................... 7

    C.   Receiver is Needed to Protect the Property and its Tenants Pending Foreclosure ............. 7

    D.   Trigild IVL is Qualified to be Appointed as Receiver.......................................... 8

CONCLUSION...................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*366 Fourth St. Corp. v. Foxfire Enterprises., Inc.*,
    149 A.D.2d 692, 540 N.Y.S.2d 489 (2d Dep't 1991)...................................................................7

*Citibank, N.A. v. Nyland (CF8) Ltd.*,
    839 F.2d 93 (2d Cir. 1988)......................................................................................................5, 7

*East New York Sav. Bank v. 924 Columbus Associates, L.P.*,
    216 A.D.2d 118, 628 N.Y.S.2d 642 (1st Dep't 1995) ................................................................7

*Manufacturers & Traders Tr. Co. v. Cottrell*,
    80 A.D.2d 744, 437 N.Y.S.2d 176 (4th Dep't 1981) ..................................................................6

*Naar v. I.J. Litwak & Co., Inc.*,
    260 A.D.2d 613, 688 N.Y.S.2d 698 (2d Dep't 1999) .................................................................6

*Thomas v. Davis*,
    90 A.D. 1, 85 N.Y.S. 661 (1st Dep't 1904) ................................................................................6

*U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC*,
    866 F.Supp.2d 247 (S.D.N.Y. 2012).................................................................................5, 6, 7

**Statutes**

New York Real Property Law § 254.10........................................................................................5

RPAPL § 1325.1 ............................................................................................................................6

Plaintiff Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Corevest American Finance 2020-1 Trust Mortgage Pass-Through Certificates ("**Lender**"), for its memorandum of law in support of its Motion to Appoint Receiver (the "**Motion**"), states as follows.

## INTRODUCTION

On or about March 31, 2021, Defendant Hirschhorn Estates LLC ("**Borrower**") entered into a commercial loan transaction (the "**Loan**") evidenced by a certain Promissory Note dated March 31, 2021 in the original principal amount of $1,023,500.00 (the "**Note**"). The indebtedness owed in connection with the Loan is secured by a certain Mortgage, Assignment of Leases and Rents Security Agreement and Fixture Filling (the "**Mortgage**") dated March 31, 2021, which Mortgage encumbers certain real and personal properties located in Monroe County, New York (collectively, the "**Property**").  The Property consists of several single family residential rental properties.  Lender is the current holder and owner of the Loan.

Borrower defaulted on the Loan by failing to timely pay the amounts due and owing under the Note.  Thereafter, Lender agreed to forbear from enforcing its rights and remedies with respect to the Loan, but that forbearance was subsequently terminated when Lender discovered that numerous code violations existed at the Property and the Borrower was the subject of millions of dollars of fines from the City of Rochester.  In fact, the City of Rochester has filed litigation against the Borrower and its managing member related to deplorable conditions at the Property, many of which present immediate life/safety threats.

Not only is the Property in disrepair, but at the time of this Motion the unpaid principal balance of $1,004,408.48 remains unpaid and there is the unpaid interest is approximately $120,000 and continues to accrue significantly each day.  Thus, the debt owed by the Borrower

continues to increase while the value of the Property decrease as its condition decreases and fines accumulate. Further, under the terms of the relevant loan documents, Borrower expressly agreed that Lender will be entitled to the appointment of a receiver for the Property if Borrower defaults on the Loan. Thus, Borrower has waived the right to oppose the Motion or otherwise object to the appointment of a receiver in this case.

As discussed in more detail below, Lender requests the appointment of Trigild IVL as receiver to protect the Property and its tenants, pending foreclosure. Trigild IVL has extensive experience as a court-appointed receiver and has the ability to work with the City of Rochester to retain a reputable property management firm to address the deplorable conditions at the Property.

## PROCEDURAL HISTORY

On November 20, 2023, Lender filed a Complaint commencing this commercial foreclosure action. A copy of the Complaint is attached to the Declaration of Russ Tuman in Support of Plaintiff's Motion to Appoint Receiver (the "**Tuman Decl.**"), as Exhibit 1 thereto. Service of the Complaint is pending.

## STATEMENT OF FACTS

On or about March 31, 2021, Corevest American Finance Lender LLC ("**Original Lender**") made a commercial mortgage loan (the "**Loan**") to Borrower. The terms and conditions of the Loan are set forth in that certain Loan Agreement (the "**Loan Agreement**")[1] dated as of March 31, 2021. The Loan is evidenced by a certain Promissory Note in the original principal amount of $1,023,500.00 and dated March 31, 2021 (as amended from time to time, the "**Note**"). (See ¶ 2 of Tuman Decl. and Ex. 1 thereto.).

---

[1] Unless otherwise defined herein, all defined terms shall be given the same meaning as set forth in the Loan Agreement.

2

In connection with the Loan, Borrower also executed and delivered to or for the benefit of Original Lender (i) certain Mortgage, Assignment of Leases and Rents Security Agreement and Fixture Filling (the "**Mortgage**") dated March 31, 2021. (See ¶ 4 of Tuman Decl., and Ex. 1 thereto.). The Mortgage secures the indebtedness owed by Borrower under the Note and encumbers the above-referenced Property, which is located at 103 Marion St, Rochester, NY 14610; 117 W Filbert Street, East Rochester, NY 14445; 136 Campbell St Apts 1-6, Rochester, NY 14611; 236 Saratoga Ave Apts 1-6, Rochester, NY 14608; 258 Avis St, Rochester, NY 14615; 294 Lexington Ave, Rochester, NY 14613; 301 Selye Ter, Rochester, NY 14613; 31 Alice St, Rochester, NY 14611; 36 Sterling St, Rochester, NY 14606; 404 Emerson St, Rochester, NY 14613; 74 Starling St, Rochester, NY 14613; 76 Oriole St, Rochester, NY 14613; 8 Immel St, Rochester, NY 14606; 8 Velox St, Rochester, NY 14615; 87 Dix St, Rochester, NY 14606; 968 Ridgeway Ave, Rochester, NY 14615; 14 Durgin St, Rochester, NY 14605. (See ¶ 3 of Tuman Decl., and Ex. 1 thereto.).

The Note, Mortgage, and all other documents further evidencing, securing, or executed in connection with the Loan are collectively referred to herein as the "**Loan Documents**." Lender is the owner and holder of the Loan Documents as evidenced by series of mortgage assignments. (See ¶ 8 of Tuman Decl. and Ex. 1 thereto).

Borrower defaulted under the Loan Documents by failing to pay the debt due and owing under the Note as provided for therein. Thereafter, Lender and Borrower executed that certain Forbearance Agreement (the "**Forbearance Agreement**"), pursuant to which Lender agreed to forebear from enforcing its rights and remedies under the Loan and Note until September 30, 2024, pursuant to the terms and conditions set forth in the Forbearance Agreement. (See ¶ 9 of Tuman Decl., and Ex. 1 thereto.). In the Forbearance Agreement, Borrower and Lender agreed that a

Forbearance Termination Event would occur if an Event of Default occurred under the Loan Documents, as provided for therein. (See ¶ 9 of Tuman Decl., and Ex. 1 thereto.).

Lender recently discovered that a Forbearance Termination Event has in fact occurred as a result of Borrower's failure to maintain the Property in a good and safe manner and in compliance with law as required under the terms of the Loan Documents. In fact, the Borrower is subject of litigation filed by the City of Rochester directly related to the poor living conditions at the Property and the possible dangers to tenants residing thereat. By a letter dated November 13, 2023, Plaintiff provided notice to Borrower that Borrower was in default under the terms of the Loan Documents and Forbearance Agreement and that Plaintiff had elected to accelerate the debt due and owing under the Note and Loan. (See ¶ 10 of Tuman Decl., and Ex. 1 thereto.).

All amounts due and owing under the Loan Documents are currently due and payable in full. (See ¶ 11 of Tuman Decl.) As stated in the Complaint, Borrower currently owes Lender more than $1.1 million on the Loan. (See ¶ 11 of Tuman Decl.).

Under Section 7.01(j) of the Mortgage, upon the occurrence of an Event of Default (as defined in the Mortgage), Lender has the right to "enter into and upon the Property, either personally or by its agents, nominees or attorneys and dispossess Borrower and its agents and servants therefrom . . . and take possession of all books, records and accounts relating thereto . . . Lender may do such acts and things as Lender deems necessary or desirable to protect the security hereof, including without limitation, (i) use, operate, manage, control, insure, maintain, repair, restore and otherwise deal with all and every part of the Property and conduct the business thereat . . . exercise all rights and powers of Borrower with respect to the Property . . . including, without limitation, the right to make, cancel, enforce or modify Leases, obtain and evict tenants and demand, sue for or otherwise collect and receive all Rents and sum due under all Lease Guaranties

. . . [and] require Borrower to vacate and surrender possession of the Property to Lender or to such receiver . . . ." (See ¶ 12 of Tuman Decl., and Ex. 1 thereto.).

## ARGUMENT

Lender is entitled to the appointment of a receiver for the Property under its Loan Documents and applicable law. A receiver is needed to protect the Property and its tenants pending foreclosure and to address the numerous life safety concerns identified by the City of Rochester. Lender's proposed receiver, Trigild IVL is well-qualified and willing to act as receiver in this case and has the necessary experience to work with the City of Rochester to address the condition of the Property and the best way in which to stabilize the same.

**A.      Applicable Law**

In the Second Circuit, "[i]t is entirely appropriate for a mortgage holder to seek the appointment of a receiver where the mortgage authorizes such appointment, and the mortgagee has repeatedly defaulted on conditions of the mortgage which constitute one or more events of default." *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988). While federal law governs the appointment of a receiver in a diversity action (*U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F.Supp.2d 247, 249 (S.D.N.Y. 2012)), courts in this circuit look to New York state law for guidance. *Citibank*, 839 F.2d at 97-98 (*citing* New York appellate department cases in support of conclusion that parties entitled to appointment of a receiver). New York law provides that when a borrower defaults under its mortgage, the lender is entitled to have a receiver appointed. Additionally, New York Real Property Law, at Section 254(10), states: "a covenant 'that the holder of this mortgage, in any action to foreclose it, shall be entitled to file appointment of a receiver,' must be construed as meaning that the mortgagee . . . shall be entitled, without notice . . . to the appointment of a receiver . . . ." RPL § 254(10) (McKinney's 2010).

5

Similarly, RPAPL § 1325.1 states "[w]here the action is for the foreclosure of a mortgage providing that a receiver may be appointed without notice, notice of a motion for such appointment shall not be required." *Id.*  Likewise, under federal law, "the existence of a provision authorizing the application for a receiver in the event of a default, 'strongly supports the appointment of a receiver' when there is a default." *Nesbitt Bellevue*, 866 F.Supp.2d at 250.  The *Nesbitt* court explained that "[t]he dispositive issue is whether the appointment of a receiver is clearly necessary to protect plaintiff's interests in the property." *Id.*

Federal courts in New York and New York state courts commonly appoint receivers when the underlying mortgage contains a provision providing for the appointment of a receiver upon default.  As the New York Appellate Division, Fourth Department, held:

> [B]y terms of the mortgage in foreclosure, the mortgagee may immediately, after a default, "upon a complaint filed, or any other proper legal proceedings being commenced for the foreclosure of this mortgage, apply for, and shall be entitled as a matter of right, without consideration of the value of the mortgaged premises as security for the indebtedness due the Mortgagee, or of the solvency of any person or persons liable for the payment of such indebtedness, and without notice, to the appointment by any competent court or tribunal, of a receiver of the rents and profits of the said premises." . . . . The record demonstrates that defendants have defaulted in payments of principal and interest on the secured indebtedness and in the payment of taxes. . . .  Plaintiff had a right, therefore, to apply to the court without notice for the appointment of a receiver.

*Manufacturers & Traders Tr. Co. v. Cottrell*, 80 A.D.2d 744, 437 N.Y.S.2d 176, 177 (4th Dep't 1981); *see also Naar v. I.J. Litwak & Co., Inc.*, 260 A.D.2d 613, 614, 688 N.Y.S.2d 698 (2d Dep't 1999) (holding that after a default where "[t]he mortgage agreements at issue each contain a covenant which mandates the appointment of a receiver upon default. Accordingly, the mortgagee was entitled to the appointment of a receiver regardless of proving the necessity for the appointment."); *Thomas v. Davis*, 90 A.D. 1, 3, 85 N.Y.S. 661 (1st Dep't 1904) (receiver appointed

6

where a mortgagor collected monthly rents and "neglected to pay the taxes or interest which fell due several months ago."). Similarly, in *Citibank* the Second Circuit affirmed the appointment of a receiver where the mortgage so provided, and the mortgagee was in default. *Citibank*, 839 F.2d at 93; *see also Nesbitt Bellevue*, 866 F.Supp.2d at 250 (appointing a receiver where mortgagee was in default and mortgage contained a receiver provision).

In instances such as this, courts routinely enforce provisions in a mortgage contractually entitling a lender to appoint a receiver on an *ex parte* basis. *See, e.g., East New York Sav. Bank v. 924 Columbus Associates, L.P.*, 216 A.D.2d 118, 628 N.Y.S.2d 642 (1st Dep't 1995) ("the court properly gave effect to the right reserved to plaintiff in the mortgage agreement to the appointment of a receiver, without notice") (citation omitted) (emphasis added); *366 Fourth St. Corp. v. Foxfire Enterprises., Inc.*, 149 A.D.2d 692, 540 N.Y.S.2d 489 (2d Dep't 1991) ("where, as in this case, the parties to a mortgage agree that a receiver may be appointed in the event of default, the appointment of a receiver without notice … is proper") (emphasis added).

**B.     Appointment of a Receiver is Warranted under Applicable Law**

Here, in the Mortgage executed by Borrower, Borrower agreed that Lender is entitled to the appointment of a receiver upon Borrower's default. Borrower is, in fact, in default due to its failure the maintain the Property in a good and safe manner and in compliance with law as evidenced by the lawsuit filed by the City of Rochester related to the living conditions at the Property. Accordingly, under the terms of the Mortgage and the aforementioned law, Lender is entitled to the appointment of a receiver.

**C.     Receiver is Needed to Protect the Property and its Tenants Pending Foreclosure**

The appointment of a receiver at the Property is necessary to address the deplorable conditions at the Property and to prevent further deterioration of the same and to protect the teannts

residing therein. Further, Lender's lien under the Mortgage covers not just the bricks and mortar of the Property, but also the rental income received from tenants at the Property. Borrower has failed to recently remit the rental income, which is Lender's cash collateral, to Lender. If Lender is going to expend additional funds to pay liens or taxes, or to otherwise fund business operations at the Property in order to protect tenants, Lender is entitled to know that its cash collateral is being used responsibly and not being stolen or squandered, which a receiver will ensure. Further, the tenants at the Property are entitled to be free from disruption associated with the foreclosure of the Property, which a receiver will also ensure. Accordingly, the appointment of a receiver is warranted in this case to collect the rental income from tenants, pay taxes and other operating expenses for the Property, and protect the tenants' right to peaceful possession of the Property pending consummation of the foreclosure.

**D.      Trigild IVL is Qualified to be Appointed as Receiver**

Lender requests that Trigild IVL be appointed as Receiver for the Property. Trigild IVL has extensive experience acting as a court-appointed receiver and with engaging property managers for commercial properties in the state of New York. It is also well equipped to address the violations at the Property and to work with the City of Rochester to address the same and to ensure that the tenants at the Property are protected.

## CONCLUSION

For the foregoing reasons, Lender respectfully requests the appointment of Trigild IVL as receiver for the Property on the terms set forth in the proposed order attached to the Declaration of Bradley R. Gardner submitted herewith.

Dated: November 22, 2023                              POLSINELLI PC

                                                                By:    */s/ Bradley R. Gardner*

        BRADLEY R. GARDNER, ESQ.
        600 Third Avenue, 42nd Floor
        New York, New York 10016
        (212) 684-0199
        bgardner@polsinelli.com

        ATTORNEYS FOR PLAINTIFF

1

92247062