POLSINELLI PC
Bradley R. Gardner
600 Third Avenue, 42nd Fl.
New York, New York 10016
(212) 684-0199
bgardner@polsinelli.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF COREVEST AMERICAN FINANCE 2020-1 TRUST MORTGAGE PASS-THROUGH CERTIFICATES,<br><br>                                                Plaintiff,<br><br>-against-<br><br>HIRSCHHORN ESTATES LLC, MEYER HIRSCHHORN, CITY OF ROCHESTER and JOHN DOE NO. I THROUGH JOHN DOE NO. XXX, inclusive, the last thirty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>                                                Defendants. | Case No. 6:23-cv-06662-EAW |

## DECLARATION OF RUSS TUMAN IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT RECEIVER

       RUSS TUMAN, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, hereby affirms as follows.

       1.       I am an authorized agent to act on behalf of Situs Holdings LLC ("**Situs**"). Situs is the servicer and attorney-in-fact for and is authorized to act on behalf of the Plaintiff in this case, Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of

Corevest American Finance 2020-1 Trust Mortgage Pass-Through Certificates (the "**Lender**"). A copy of the Summons and Complaint filed by Lender herein is attached hereto as **Exhibit 1**.

2. Lender is the owner and holder of a certain loan (the "**Loan**"), which is evidenced by the following : (i) that certain Promissory Note (the "**Note**") in the original principal amount of $1,023,500.00 and dated March 31, 2021, the maker of which is Defendant Hirschhorn Estates LLC ("**Borrower**") and (ii) that certain Loan Agreement dated as of March 31, 2021(the "**Loan Agreement**"), between Borrower and Corevest American Finance Lender LLC ("**Original Lender**"). *See* Exhibits A and B attached to the Complaint.

3. The indebtedness owed under the Note is secured by certain real and personal properties located at 103 Marion St, Rochester, NY 14610; 117 W Filbert Street, East Rochester, NY 14445; 136 Campbell St Apts 1-6, Rochester, NY 14611; 236 Saratoga Ave Apts 1-6, Rochester, NY 14608; 258 Avis St, Rochester, NY 14615; 294 Lexington Ave, Rochester, NY 14613; 301 Selye Ter, Rochester, NY 14613; 31 Alice St, Rochester, NY 14611; 36 Sterling St, Rochester, NY 14606; 404 Emerson St, Rochester, NY 14613; 74 Starling St, Rochester, NY 14613; 76 Oriole St, Rochester, NY 14613; 8 Immel St, Rochester, NY 14606; 8 Velox St, Rochester, NY 14615; 87 Dix St, Rochester, NY 14606; 968 Ridgeway Ave, Rochester, NY 14615; 14 Durgin St, Rochester, NY 14605 and further described in the Mortgage (as defined below) and Schedule A of the Loan Agreement (collectively, the "**Property**"). The Property consists of 17 properties.

4. The indebtedness owed under the Note is secured by a certain Mortgage, Assignment of Leases and Rents Security Agreement and Fixture Filling (the "**Mortgage**") dated March 31, 2021. The Mortgage encumbers the Property. The Mortgage was duly recorded with

the Real Property Records of Monroe County, New York (the "**Register**"), on June 4, 2021, as Document No. 202106041414. *See* Exhibit D attached to the Complaint.

5. The Note, Mortgage, and Loan Agreement, and all other documents further evidencing, securing or executed in connection with the Loan are referred to herein collectively as the "**Loan Documents**." The original Loan Documents, including the Note together with Allonges affixed to the Note making the Note payable to Lender, were delivered to Lender, and, thus, Lender is the current holder and owner of the Loan Documents.

6. Lender is the owner and holder of the Note and Mortgage, as reflected a series of mortgage assignments recorded with the Register. *See* Exhibits F, G, H, I, and J attached to the Complaint.

7. Borrower defaulted under the Loan Documents by failing to pay the debt due and owing under the Note as provided for therein. Thereafter, Lender and Borrower executed that certain Forbearance Agreement (the "**Forbearance Agreement**"), pursuant to which Lender agreed to forebear from enforcing its rights and remedies under the Loan and Note until September 30, 2024, pursuant to the terms and conditions set forth in the Forbearance Agreement. In the Forbearance Agreement, Borrower and Lender agreed that a Forbearance Termination Event would occur if an Event of Default occurred under the Loan Documents, as provided for therein. *See* Exhibit K attached to the Complaint.

8. Borrower failed to maintain the Property in a good and safe manner and in compliance with law as required under the terms of the Loan Documents and Forbearance Agreement. According to recent reports, the Property is subject to numerous violations from the City of Rochester and the City of Rochester had filed an action against Borrower alleging that the

3

92125365.1

Borrower and his affiliated entities are facing 473 outstanding citations related to the condition of the property that they own. The monetary damages purportedly exceed $130 million.

9. By letter dated November 13, 2023, Lender provided notice to Borrower that Borrower was in default under the terms of the Loan Documents and Forbearance Agreement and that Plaintiff had elected to accelerate the debt due and owing under the Note and Loan. *See* Exhibits L and M attached to the Complaint.

10. As of November 9, 2023, the following amounts are due and owing under the Note: the unpaid principal balance in the amount of $1,004,408.48; past due interest in the amount of $62,551.62; past due default interest in the amount of $57,832.75; late charges in the amount of $10,854.71; an PPA's in the amount of $12,239.69; servicing fees in the amount of $5,695.00; and any and all fees and costs incurred by Plaintiff, both to date and hereafter, in connection with the collection of the amounts due and owing under the Loan Documents for the protection, preservation and realization of the Property, including processing fees, late charges, inspection fees, environmental fees, appraisal fees, expenses, administrative fees, servicing fees, attorneys' fees, and costs incurred in connection with the issuance of the third-party reports in connection with the Property.

11. Under Section 7.01(j) of the Mortgage, upon the occurrence of an Event of Default (as defined in the Mortgage), Lender has the right to "enter into and upon the Property, either personally or by its agents, nominees or attorneys and dispossess Borrower and its agents and servants therefrom . . . and take possession of all books, records and accounts relating thereto . . . Lender may do such acts and things as Lender deems necessary or desirable to protect the security hereof, including without limitation, (i) use, operate, manage, control, insure, maintain, repair, restore and otherwise deal with all and every part of the Property and conduct the business thereat

". . . exercise all rights and powers of Borrower with respect to the Property . . . including, without limitation, the right to make, cancel, enforce or modify Leases, obtain and evict tenants and demand, sue for or otherwise collect and receive all Rents and sum due under all Lease Guaranties . . . [and] require Borrower to vacate and surrender possession of the Property to Lender or to such receiver . . . ." *See* Exhibit D attached to the Complaint.

12. Accordingly, as a result of Borrower's defaults under the Loan Documents, Lender seeks the appointment of a receiver to take control over and manage the Property and to collect the Rents, as permitted under the Mortgage.

13. Lender also requests that Trigild IVL ("**Trigild**") be appointed as receiver for the Property. Trigild has handled over 2000 receivership appointments and has experience with distressed multifamily projects similar to the Property. Trigild is Lender's preferred choice.

Dated: November 20, 2023

_____
RUSS TUMAN
Situs Holdings LLC

Sworn to before me this 20
Day of Nov, 2023

_____
Notary Public



GAYLE D PULLIAM
Notary ID #131856133
My Commission Expires
January 15, 2027

92125365.1