# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF COREVEST AMERICAN FINANCE 2020-1 TRUST MORTGAGE PASS-THROUGH CERTIFICATES,<br><br>Plaintiff,<br><br>-against-<br><br>HIRSCHHORN ESTATES LLC, MEYER HIRSCHHORN, CITY OF ROCHESTER and JOHN DOE NO. I THROUGH JOHN DOE NO. XXX, inclusive, the last thirty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>Defendants. | Case No. 6:23-cv-06662-EAW |

## ORDER FOR APPOINTMENT OF RECEIVER

Plaintiff Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Corevest American Finance 2020-1 Trust Mortgage Pass-Through Certificates ("**Lender**") filed a motion seeking the appointment of a receiver (the "**Motion**") to take possession of, secure, and administer certain real property and improvements thereon together with all rents, profits, and income derived therefrom, and certain personal property and fixtures related thereto, owned by Defendant Hirschhorn Estates LLC ("**Borrower**") and located at 103 Marion St, Rochester, NY 14610; 117 W Filbert Street, East Rochester, NY 14445; 136 Campbell St Apts 1-6, Rochester, NY 14611; 236 Saratoga Ave Apts 1-6, Rochester, NY 14608; 258 Avis St, Rochester, NY 14615; 294 Lexington Ave, Rochester, NY 14613; 301 Selye Ter, Rochester, NY 14613; 31 Alice St, Rochester, NY 14611; 36 Sterling St, Rochester, NY 14606; 404 Emerson St, Rochester, NY 14613; 74 Starling St, Rochester, NY 14613; 76 Oriole St, Rochester, NY

92125360.1

14613; 8 Immel St, Rochester, NY 14606; 8 Velox St, Rochester, NY 14615; 87 Dix St, Rochester, NY 14606; 968 Ridgeway Ave, Rochester, NY 14615; 14 Durgin St, Rochester, NY 14605, as described as collateral in that certain mortgage attached to Plaintiff's Complaint as Exhibit D, (collectively, such real and personal property is the "**Property**").

The Court, for good cause shown, hereby finds that the appointment of a receiver for the Property is warranted and that Lender's proposed receiver, Trigild IVL is qualified to act as receiver in this case, and the Court hereby grants the Motion. Trigild IVL is hereby appointed to act as temporary receiver (the "**Receiver**") with respect to the Property, and the Court further orders as follows:

(a) the Receiver is appointed to act and serve as receiver with respect to the Property and with respect to the income therefrom hereafter collected, including the rents, profits, and income from the Property;

(b) Borrower shall disclose any funds that Borrower or any property manager of Borrower is holding that is attributable to rent or other income collected from the Property and shall remit such funds to the Receiver to hold pending further order of the Court;

(c) the Receiver shall, before entering upon her duties, be sworn faithfully and fairly to discharge the trust committed to him as required under the Federal Rules of Civil Procedure;

(d) effective immediately, the Receiver is authorized to take and have complete and exclusive control, possession, and custody of the Property, together with any and all bank accounts, credit card receipts, demand deposits, reimbursement rights, bank deposits, security deposits, and all other forms of accounts, accounts receivable, payment rights, cash, and cash equivalents, all of which shall be delivered to the Receiver by Borrower and its agents, and the banks maintaining the Borrower's accounts, subject to subsection (b) above;

(e) effective immediately, the Receiver is authorized to take any and all actions reasonable and appropriate to prevent waste to and to preserve, secure, manage, maintain, and safeguard the Property;

(f) the Receiver be and is hereby directed to demand, collect and receive from the occupants, tenants, and licensees in possession of the Property, or other persons liable therefor, all the rents and license fees thereof now due and unpaid or hereafter to become fixed or due, and the Receiver shall be and is hereby authorized to institute and carry on all legal proceedings necessary for the protection of the Property or to recover possession of the whole, or any part thereof, and/or apply to the Court to fix reasonable rental value and license fee value and to compel the tenants and occupants to attorn to the Receiver;

(g) effective immediately, Borrower and all persons acting under the direction of any of them, including any current manager and listing agent of the Property, must deliver possession of the Property to the Receiver all rent lists, orders, unexpired and expired leases, agreements, correspondence, notices and registration statements relating to rental space or facilities in the premises , all keys; (3) all security deposits (4) a current list of the occupants of the Property; (5) any and all current accounts receivable and accounts payable reports respecting the Property; (6) any and all non-privileged documents pertaining to any ongoing litigation respecting the Property (excluding the above-captioned litigation, for which no documents need be produced); (7) any and all documents pertinent to any licenses maintained in connection with the Property, and all communications and correspondence pertinent thereto; (8) any and all documents pertinent to any agreements entered into in connection with the Property, and all communications and correspondence pertinent thereto; (9) any and all contracts in effect with respect to any of the Property, and all communications and correspondence pertinent thereto; (10) any and all contracts,

3

bids, or other materials relating to any contractor work at the Property; (11) any and all payroll records, employee files, applications, and other materials relevant to those persons employed by or at the Property; and (12) any other records pertaining to the management of the Property;

(h) effective immediately, Defendants and any property manager of Borrower (irrespective of whether such manager is under the direction of Borrower) are enjoined and restrained from collecting the rents, license fees and other income from the Property and from interfering in any manner with the Property or its possession by the Receiver and are also enjoined and restrained from transferring, removing or in any way disturbing any of the occupants or employees at the Property;

(i) the Receiver is ordered to allow Lender and its agents access to the Property at all reasonable times, subject to the rights of tenants in possession;

(j) the Receiver is authorized to continue to manage, operate, and lease the Property subject to the other provisions of this Order;

(k) the Receiver is authorized to make payments and disbursements, in the ordinary course of business, as may be needed and proper for the preservation of the Property;

(l) the Receiver is authorized to maintain appropriate insurance, to continue any current insurance policies in place (which Borrower shall not act to discontinue or impair in any way,), and authorized (but not obligated) to purchase further insurance as may be necessary;

(m) the Receiver is authorized, but not required, to pay all current and past due real estate taxes, personal property taxes, and any other taxes and assessments against any of the Property;

(n) the Receiver is authorized, but not required, to prepare and file tax returns with respect to the Property as may be required by law and to appeal any real estate tax assessment of

the Property, provided, however, that the Receiver shall not be responsible for the preparation of any tax returns for Borrower;

(o) the Receiver is authorized to: (1) negotiate and enter into new leases, occupancy agreements, and contracts in the ordinary course of the business of the Property that do not exceed one year unless required by law or granted permission by the Court, or pursuant to an agreement between the Parties; (2) modify existing leases, occupancy agreements, and contracts in the ordinary course of the business of the Property; (3) pay all utilities, expenses, and other obligations secured by, or which may give rise to, liens, and all other outstanding obligations to suppliers and servicers in the ordinary course of business, including obligations incurred prior to the commencement of the receivership so long it is prudent to do so in order to maintain business relationships that are beneficial to the conduct of the receivership; (4) make repairs necessary to the maintenance of the Property, including, but not limited to, all repairs to remediate any environmental conditions present at the Property, in order to preserve the Property in the ordinary course of business, provided, however, that the Receiver shall not make any improvements, repairs and/or remediations having a cost of $5,000.00 or more without first obtaining the approval of Lender and Borrower or of the Court (notwithstanding the foregoing, the Receiver may perform repairs and remediations in excess of $5,000.00 without the parties' or Court approval if same is an emergency and necessary to ensure the safety or security of tenants); (5) take all steps necessary to comply with all requirements, regulations and laws applicable to the Property, and to deal with all regulatory authorities in connection with the same and (6) take all steps necessary, including, without limitation, commencing construction and other repairs at the Property, necessary to bring the Property into compliance with all local ordinances and taking action to seek any necessary variance to the extent the Receiver deems necessary;

(p) the Receiver is authorized to collect rents, or to defend against any action brought against the Receiver acting in such capacity, and to retain counsel in connection with the foregoing upon further application to the Court;

(q) Lender is authorized to make protective advances as set forth in the Mortgage and Loan Documents (as defined in the Petition filed herein) including by advancing funds to the Receiver (on a nonrecourse basis as to Receiver) to enable the Receiver to perform her duties hereunder, in which case any monies provided to the Receiver by Lender shall be secured by a first and prior lien and security interest on the Property in favor of Lender to the extent set forth in Lender's existing Mortgage and other Loan Documents;

(r) the Receiver is authorized to apply income from the Property, subject to the lien rights of Lender, as follows: (1) to the Receiver's approved fees and expenses, subject to the Court's approval of the same as set forth in the Receiver's reports; (2) to current operating expenses of the receivership incurred by the Receiver in the ordinary course of business; and (3) to the obligations owed to Lender under the Loan Documents;

(s) the Receiver is authorized to maintain sufficient cash on hand to enable the Receiver to meet expenses, in an amount to be agreed to between the Receiver and Lender;

(t) the Receiver is authorized to retain a property manager and leasing agent for the Property and to otherwise utilize the services offered by such property management company;

(u) Receiver shall be paid an hourly fee of $300 with a minimum monthly fee of $3,000 and shall be reimbursed for the cost of the below-referenced surety bond and for any out-of-pocket costs and expenses incurred outside the ordinary course and scope of overseeing the Property, which shall be the sole compensation payable to the Receiver. The Receiver is authorized to retain

a property management company and to compensate such property management at a rate approved by Plaintiff or pursuant to a further Court order;

(v) the Receiver is directed to file with the Court and serve on parties of record, within 45 days of entry of the order of the Court, and not less than monthly thereafter, and within 30 days after termination of the receivership, full and complete reports, under oath, detailing receipts, disbursements, and transactions affecting the Property and is also directed to comply with the Federal Rules of Civil Procedure;

(w) the Receiver is directed to post a bond in the amount of $_____$, the cost of which shall be an expense of the receivership;

(x) the Receiver is authorized to undertake all actions specifically set forth in this Order, as well as to exercise the usual and customary powers accorded to a receiver under applicable law (except as otherwise limited by this Order or any subsequent order of the Court);

(y) nothing contained in this Order shall be construed as obligating the Receiver to advance its own funds in order to pay the costs and expenses of the receivership that have been approved by Lender and the Court;

(z) the Receiver may apply at any time to the Court, with notice to all other parties in this case, for further instruction and for further power necessary to enable the Receiver to properly fulfill her duties;

(aa) the bond of the Receiver shall be canceled and the Receiver discharged, upon the Court's approval of the Receiver's final accounting;

(bb) the entry of the Court's order appointing the Receiver shall not in any manner prejudice any of the other rights and remedies of Lender under its Loan Documents or under applicable law, including the right to foreclosure of the Property; and

(cc)    the entry of this Order shall not in any manner preclude any consensual resolution that may be reached between Lender and Borrower, and the Receiver shall abide by the terms of any such consensual resolution.

Dated: _____, 2023                    _____