UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILMINGTON TRUST, NATIONAL
ASSOCIATION, as Trustee for the Benefit of
The Registered Holders of Corevest American
Finance 2020-1 Trust Mortgage Pass-Through
Certificates,

               Plaintiff,

       v.

HIRSCHHORN ESTATES LLC, and MEYER
HIRSCHHORN,

               Defendants.

_____

**DECISION AND ORDER**

6:23-CV-06662 EAW

### INTRODUCTION

Plaintiff Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of Corevest American Finance 2020-1 Trust Mortgage Pass-Through Certificates ("Plaintiff"), commenced this action on November 21, 2023, to foreclose a mortgage encumbering seventeen (17) properties[1] located in Rochester, New York and East Rochester, New York (the "Property"). (Dkt. 1). Defendant Hirschhorn Estates LLC (the "Hirschhorn Estates") received a loan, which was guaranteed by defendant Meyer Hirschhorn

---

[1] The properties include: 103 Marion Street, Rochester, NY 14610; 117 W Filbert Street, East Rochester, NY 14445; 136 Campbell Street Apts. 1-6, Rochester, NY 14611; 236 Saratoga Avenue Apts. 1-6, Rochester, NY 14608; 258 Avis Street, Rochester, NY 14615; 294 Lexington Avenue, Rochester, NY 14613; 301 Selye Terrace, Rochester, NY 14613; 31 Alice Street, Rochester, NY 14611; 36 Sterling Street, Rochester, NY 14606; 404 Emerson Street, Rochester, NY 14613; 74 Starling Street, Rochester, NY 14613; 76 Oriole Street, Rochester, NY 14613; 8 Immel Street, Rochester, NY 14606; 8 Velox Street, Rochester, NY 14615; 87 Dix Street, Rochester, NY 14606; 968 Ridgeway Avenue, Rochester, NY 14615; and 14 Durgin Street, Rochester, NY 14605. (Dkt. 1 at ¶ 18).

- 1 -

("Hirschhorn") (collectively, "Defendants"), and secured through a promissory note and mortgage on the Property. (*Id.* at ¶¶ 15-18). Defendants have not appeared in this action.[2]

Presently before the Court is Plaintiff's motion to approve the receiver sale filed on December 16, 2025 (Dkt. 94); amended motion to approve the receiver sale filed on January 30, 2026 (Dkt. 102); and motion for default judgment and foreclosure and sale (Dkt. 103). For the reasons that follow, the motion to approve the receiver sale filed on December 16, 2025 (Dkt. 94), is denied as moot;[3] the amended motion to approve the receiver sale filed on January 30, 2026 (Dkt. 102), is granted in part and denied in part; and the motion for default judgment and foreclosure and sale (Dkt. 103) is granted in part and denied in part.

## BACKGROUND

According to the complaint, on or about March 31, 2021, the Hirschhorn Estates entered into a loan transaction with Corevest American Finance Lender LLC in which it executed a promissory note agreeing to repay the principal amount of $1,023,500.00. (Dkt. 1 at ¶¶ 15-16; Dkt. 1-1; Dkt. 1-2). In connection with the promissory note, Hirschhorn executed a pledgor guaranty in which he unconditionally guaranteed payments owed in connection with the loan. (Dkt. 1 at ¶ 17; Dkt. 1-3). The debt owed on the loan was secured by a mortgage, which encumbered the real property that comprises the Property and was recorded with the Monroe

---

[2]    Plaintiff also named the City of Rochester and John Doe No. I through John Doe No. XXX as defendants. Plaintiff and the City of Rochester reached a settlement agreement, and the City of Rochester was dismissed from this action. (Dkt. 76; Dkt. 77). The John Doe defendants were also dismissed and removed from the caption. (Dkt. 77). The action only remains pending against the Hirschhorn Estates and Hirschhorn.

[3]    In light of Plaintiff's amended motion to approve the receiver sale filed on January 30, 2026 (Dkt. 102), the Court denies the prior motion to approve the receiver sale (Dkt. 94), as moot.

County Clerk. (Dkt. 1 at ¶ 18; Dkt. 1-4). After a series of assignments, the mortgage was assigned to Plaintiff on April 30, 2021. (Dkt. 1 at ¶¶ 20-24).

The Hirschhorn Estates failed to make mortgage payments on the Property and entered into a forbearance agreement with Plaintiff whereby Plaintiff agreed to forebear from enforcing its rights under the loan and promissory note. (*Id.* at ¶¶ 28). The Hirschhorn Estates then failed to maintain the Property in a good and safe manner as required under the terms of the forbearance agreement and several violations and claims were asserted by the City of Rochester. (*Id.* at ¶ 29). As a result of Defendants' failure to adequately maintain the property in violation of the forbearance agreement, Plaintiff notified the Hirschhorn Estates that it was accelerating the debt owed on the loan and promissory note. (*Id.* at ¶ 30).

As of November 9, 2023, Defendants owe $1,004,408.48 in principal; $62,551.62 in past due interest; $57,832.75 in past due default interest; $10,854.71 in late charges; $12,239.69 in property protective advances; and $5,695.00 in servicing fees, which Plaintiff seeks to recover. (*Id.* at ¶ 32). Plaintiff also seeks costs and attorneys' fees for the foreclosure as well as costs related to the preservation of the Property, including processing fees, late charges, inspection fees, environmental fees, appraisal fees, expenses, administrative fees, servicing fees, attorneys' fees, and costs incurred in connection with the issuance of the third-party reports in connection with the Property. (*Id.*).

The Hirschhorn Estates was served with the summons and complaint on November 29, 2023, through the New York Secretary of State. (Dkt. 11). Plaintiff served Hirschhorn on June 3, 2024 (Dkt. 39), and United States Magistrate Judge Marian W. Payson granted Plaintiff's motion to deem service on Hirschhorn timely (Dkt. 40; Dkt. 45). After a hearing

held on January 4, 2024, the Court granted Plaintiff's motion to appoint a receiver for the Property.  (Dkt. 18; Dkt. 20).  The Court thereafter permitted the Receiver to market the Property for sale. (Dkt. 55).  Defendants failed to respond to the complaint or otherwise appear in this action and the Clerk entered an entry of default against Defendants at Plaintiff's request. (Dkt. 64; Dkt. 65; Dkt. 68).

Plaintiff then filed a motion for default judgment pursuant to Rule 55(b) against Defendants and for a judgment of foreclosure and sale of the Property.  (Dkt. 75).  After reviewing Plaintiff's motion papers, the Court determined that Plaintiff did not demonstrate compliance with Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL") and requested supplemental briefing (Dkt. 85), which Plaintiff filed (Dkt. 87).  At a status conference, the Court informed Plaintiff of additional deficiencies in the motion papers and requested further supplemental submissions.  (Dkt. 90).  Plaintiff requested to withdraw its motion for default judgment and foreclosure and sale (Dkt. 91), which the Court granted (Dkt. 92).  That same day, Plaintiff filed a motion to approve the receiver sale of the property (Dkt. 94), and the Court identified deficiencies in that motion as well and requested further briefing (Dkt. 95).  Plaintiff thereafter submitted an amended motion to approve the receiver sale of the Property (Dkt. 102) and a new motion for default judgment and foreclosure and sale (Dkt. 103).  Despite being served with a copy of the motion papers (Dkt. 79; Dkt. 104), Defendants have not responded to the motion or otherwise appeared in this action.

## DISCUSSION

**I.      Legal Standard**

### A. Motion for Default Judgment

Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment. First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b) (providing for entry of default judgment by the clerk where the "plaintiff's claim is for a sum certain" or by the court in "all other cases").

"In determining whether a default judgment should enter, courts have cautioned that a default judgment is an extreme remedy that should only be granted as a last resort." *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 347 (E.D.N.Y. 2009). In light of the Second Circuit's "strong preference for resolving disputes on the merits, and because a default judgment is the most severe sanction which the court may apply," the Second Circuit has "characterized a district court's discretion in proceeding under Rule 55 as circumscribed." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (citation modified). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).

**B.  Motion for Mortgage Foreclosure**

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (citing *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997)).  In addition, consistent with New York law, "prior to commencing a residential foreclosure action, a lender must comply with certain requirements set forth in the [RPAPL]." *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 552 (2021).

Article 13 of the RPAPL sets forth various procedural requirements in a mortgage foreclosure action.  *See Ditech Fin. LLC v. Sterly*, No. 5:15-cv-1455 (MAD/TWD), 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016).  As relevant here, § 1303 requires the foreclosing party to serve a tenant of a residential property with a notice entitled "Notice to Tenants of Buildings in Foreclosure" to be delivered within ten days of the service of the summons and complaint. RPAPL § 1303(4).  Section 1320 sets forth a "special summons requirement in private residence cases" that applies in an action to foreclose a mortgage on a residential property containing not more than three units.  *Id.* § 1320.

Section 1331 requires the filing of a notice of pendency and states as follows:

> The plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording.

*Id.* § 1331.  A copy of the complaint must be filed with the notice of pendency, unless the complaint has already been filed in that county.  CPLR § 6511(a).

- 6 -

### C. Motion to Approve the Receiver Sale

"Section 2001 of Title 28 of the United States Code governs the sale of real property within a court-ordered receivership.  Subdivision (b) provides for the private sale of such real property."  *Huntington Nat'l Bank v. Sheridan Propco LLC*, No. 2:23-CV-11458-TGB-DRG, 2026 WL 458605, at *8 (E.D. Mich. Feb. 18, 2026).  That subdivision provides in part:

> [T]he court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby.  Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities.  No private sale shall be confirmed at a price less than two-thirds of the appraised value.  Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation.

28 U.S.C. § 2001(b).   "Although subsection (b) affords the court some discretion in determining whether the terms and conditions of a private sale are in [the] best interests of the estate, it is well accepted that subsection (b) also includes several procedural requirements that a court may not waive in making that discretionary determination."  *Sec. & Exch. Comm'n v. Wang*, No. CV 13-7553 JAK (SSX), 2015 WL 13950301, at *2 (C.D. Cal. May 15, 2015).

## II.   Analysis

### A. Mortgage Foreclosure

Based on the record before the Court, Plaintiff has established the common-law elements of a foreclosure action. Hirschhorn Estates executed a loan agreement (Dkt. 1-1) and promissory note (Dkt. 1-2), agreeing to repay the principal amount of $1,023,500.00. Hirschhorn agreed to guarantee repayment of that loan (Dkt. 1-3) and the loan was secured by a mortgage on the Property (Dkt. 1-4). Plaintiff sent the Hirschhorn Estates a notice of default on May 2, 2023, after Defendants failed to make monthly installment payments beginning on December 9, 2022. (Dkt. 1-12).

Regarding compliance with the RPAPL, Plaintiff has cured some of the procedural defects from its prior motions, but certain deficiencies persist. As required by § 1331, Plaintiff established that the notice of pendency has been filed with the Monroe County Clerk's office. (Dkt. 108). But the requirements set forth at § 1320 and § 1303 warrant further discussion. Plaintiff argues that it complied with § 1320 by serving the special summons required by that section on the Receiver for thirteen of the "vacant" properties. (Dkt. 103-1 at 9).[4] Indeed, the Receiver filed an acknowledgement and acceptance of service of the § 1320 special summons on behalf of the following thirteen properties:

> 117 W Filbert Street, East Rochester, NY 14445; 136 Campbell Street Apts 1-6, Rochester, NY 14611; 236 Saratoga Avenue Apts. 1-6, Rochester, NY 14608; 258 Avis Street, Rochester, NY 14615; 294 Lexington Avenue, Rochester, NY 14613; 301 Selye Terrace, Rochester, NY 14613; 404 Emerson Street, Rochester, NY 14613; 74 Starling Street, Rochester, NY

---

[4]   Although Plaintiff has not submitted any proof that these properties are vacant, the most recent status report from the Receiver shows that rental payments have only been paid at the following properties: 31 Alice St., 103 Marion St., 36 Sterling St., and 8 Immel St. (Dkt. 110 at 27).

14613; 76 Oriole Street, Rochester, NY 14613; 8 Velox Street, Rochester, NY 14615; 87 Dix Street, Rochester, NY 14606; 968 Ridgeway Avenue, Rochester, NY 14615; and 14 Durgin Street, Rochester, NY 14605.

(Dkt. 96). The Receiver states that he is "authorized to accept service on behalf of the vacant [p]roperties" (*id.*), but it is uncertain where that claimed authority originates. The Order appointing the Receiver (Dkt. 20) does not authorize the Receiver to accept service on behalf of the Property. Furthermore, 28 U.S.C. § 3103, which permits the appointment of a receiver in this action, also does not expressly provide that a receiver is authorized to accept service in a foreclosure action. Neither the Receiver nor Plaintiff provide a citation to the record or caselaw to support their assertion that the Receiver is authorized to accept service of the § 1320 special summons in this case.

That said, it is unclear whether strict compliance with § 1320 is required where the property is vacant. The notice required by § 1320 is entitled "YOU ARE IN DANGER OF LOSING YOUR HOME" and therefore directed toward the property's occupant. As the properties listed above appear to be vacant, there does not seem to be any harm permitting the Receiver to accept service of the § 1320 special summons. *See United States v. Scott*, No. 119CV1621BKSDJS, 2022 WL 17084118, at *3 (N.D.N.Y. Nov. 18, 2022) (granting plaintiff's motion for default judgment despite non-compliance with § 1320 where the subject property was vacant and regular service was permitted by publication).

Regarding the occupied properties, Plaintiff demonstrated that it complied with § 1320. The most recent status report from the Receiver indicates that tenants occupy 31 Alice St., 103 Marion St., 36 Sterling St., and 8 Immel St. and made rental payments as recently as February 2026. (Dkt. 110 at 25). Unlike the vacant properties, Plaintiff submitted affidavits of service

- 9 -

showing that the § 1320 special summons was served with the summons and complaint on the occupants at these addresses. (Dkt. 97). The affidavits indicate that service was completed on either December 18 or 19, 2025. (*Id.*). Plaintiff has therefore met its burden of demonstrating compliance with RPAPL § 1320.

Plaintiff must also demonstrate compliance with § 1303. RPAPL § 1303 requires a notice entitled "Notice to Tenants of Buildings in Foreclosure" to be delivered to any tenant of a "dwelling unit" involved in a mortgage foreclosure action of residential real property. The notice to tenants must be "delivered within ten days of the service of the summons and complaint." RPAPL § 1303(4). This section includes specific delivery requirements depending on the number of dwelling units at the property:

> For buildings with fewer than five dwelling units, the notice shall be delivered to the tenant, by certified mail, return receipt requested, and by first-class mail to the tenant's address at the property if the identity of the tenant is known to the plaintiff, and by first-class mail delivered to "occupant" if the identity of the tenant is not known to the plaintiff. For buildings with five or more dwelling units, a legible copy of the notice shall be posted on the outside of each entrance and exit of the building.

*Id.*

According to Plaintiff's submissions, only the properties at 136 Campbell St. and 236 Saratoga Ave. contain more than five units. (*See* Dkt. 102-2 at ¶ 2 (referencing six apartments at those properties)). Plaintiff's affidavit of service for the RPAPL § 1303 notices provides that the notices "were posted" at 12 of the 17 properties: (1) 294 Lexington Ave.; (2) 301 Selye Ter.; (3) 404 Emerson St.; (4) 136-140 Campbell St.; (5) 117 West Filbert St.; (6) 258 Avis St.; (7) 87 Dix St.; (8) 968 Ridgeway Ave.; (9) 236 Saratoga Ave.; (10) 14 Durgin St.; (11) 8 Velox St.; (12) 74 Starling St. (Dkt. 98). The affidavit does not provide where at the property

the notices were posted—i.e. whether the notices were posted at "each entrance and exit of the building"—nor does it list the full addresses of the properties at which they were posted. Plaintiff has not submitted any proof that the § 1303 notices were mailed—by certified mail, first-class mail, or otherwise—to any of these properties. The affidavit also does not indicate when the notices were posted at these properties, making it impossible for the Court to determine if notice was provided within ten days of the service of the summons and complaint, as required by § 1303(4). Moreover, Plaintiff has not provided any proof that the § 1303 notice was delivered to the other properties, including 103 Marion St.; 31 Alice St.; 36 Sterling St.; 76 Oriole St.; and 8 Immel St., four of which are currently occupied by tenants.

"RPAPL 1303 is a condition precedent to the commencement of a foreclosure action and the failure to comply is a basis for dismissal of a complaint which may be raised at any time while the action is pending." *JPMorgan Chase Bank, Nat'l Ass'n v. Lee*, 186 A.D.3d 685, 687 (2d Dep't 2020). Section 1303(1)(b) requires the "Notice to Tenants of Buildings in Foreclosure" notice to be served to "any tenant of a dwelling unit." RPAPL defines "tenant" as:

> any person who appears as a lessee on a lease of one or more dwelling units of a residential real property that is subordinate to the mortgage on such residential real property; or who at such time is a party to an oral or implied rental agreement with the mortgagor and obligated to pay rent to the mortgagor or such mortgagor's representative, for the use or occupancy of one or more dwelling units of a residential real property.

RPAPL § 1305(1)(c). Once again, it follows that strict adherence to the notice requirements of § 1303 appears unnecessary if the building in foreclosure is vacant. *See United States v. Lancor*, No. 519CV00936BKSTWD, 2021 WL 4942083, at *2 n.8 (N.D.N.Y. Oct. 22, 2021) ("Because the Property was vacant, Plaintiff was not required to include the Section 1303

"Help for Homeowners in Foreclosure" notice with the summons and complaint. . . ."); *Inv. Fund 2, LLC v. Anthony for Est. of Hubbard-Watson*, No. 17CV1220DRHSIL, 2018 WL 4017691, at *2 n.2 (E.D.N.Y. July 30, 2018) ("Because the Subject Property is not currently occupied, notices pursuant to [RPAPL] §§ 1303-06 are not required."), *report and recommendation adopted*, No. 17-CV-1220(DRH)(SIL), 2018 WL 4017584 (E.D.N.Y. Aug. 22, 2018). Therefore, any procedural deficiencies in service of the § 1303 notice on the vacant properties are excused.[5]

But as noted above, the most recent status report from the Receiver indicates that tenants occupy 31 Alice St., 103 Marion St., 36 Sterling St., and 8 Immel St. As Plaintiff has not demonstrated that it delivered the § 1303 notice to these tenants, Plaintiff's motion for default judgment and foreclosure and sale as to these properties must be denied. *See Green Mountain Holdings (Cayman) Ltd. v. 501 Lafayette Ave LLC*, No. 21-CV-5844 (MKB) (TAM), 2023 WL 6594003, at *7 (E.D.N.Y. Aug. 18, 2023) (denying motion for foreclosure and sale of property where plaintiff did not "establish whether § 1303 notices were sent to any tenants, as required by law"), *report and recommendation adopted sub nom. Green Mountain Holdings (Cayman) LTD v. 501 Lafayette Ave LLC*, No. 21CV5844MKBTAM, 2023 WL 5993166 (E.D.N.Y. Sept. 15, 2023).

Therefore, Plaintiff's motion for default judgment and foreclosure and sale is granted

---

[5]    RPAPL § 1309 provides for an expedited application for judgment of foreclosure and sale for "vacant and abandoned" property, which Plaintiff did not choose to pursue in this case. The procedures set forth in this section present an alternative route for foreclosure of vacant properties. RPAPL § 1309(1) ("The plaintiff in any foreclosure proceeding may make an application . . . for a judgment of foreclosure and sale on the grounds that the subject property is vacant and abandoned.").

as it pertains to the following vacant properties: 117 W Filbert Street; 136 Campbell St. Apts. 1-6; 236 Saratoga Ave.; 258 Avis St.; 294 Lexington Ave.; 301 Selye Ter.; 404 Emerson St.; 74 Starling St.; 76 Oriole St.; 8 Velox St.; 87 Dix St.; 968 Ridgeway Ave.; and 14 Durgin St. Because Plaintiff did not satisfy its burden of demonstrating compliance with the occupied properties at 31 Alice St., 103 Marion St., 36 Sterling St., and 8 Immel St., Plaintiff's motion for default judgment and foreclosure and sale is denied as to those properties.

### B. Default Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). "[A] court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded." *Ditech Fin. LLC v. Singh*, No. 15-CV-7078 (FB) (SMG), 2017 WL 4271655, at *4 (E.D.N.Y. Sept. 6, 2017), *report and recommendation adopted*, 2017 WL 4233023 (E.D.N.Y. Sept. 22, 2017). "A plaintiff's statement as to the amount of damages alone does not provide the requisite reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, No. 12 CIV. 1369 LGS AJP, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013), *report and recommendation adopted*, No. 12 CIV. 01369 LGS, 2013 WL 4505255

- 13

(S.D.N.Y. Aug. 23, 2013).

Plaintiff seeks $2,092,218.26 in damages, which is comprised of the following amounts:

1. Unpaid principal balance in the amount of $1,004,408.48;

2. Accrued regular interest in the amount of $195,305.69;

3. Default interest in the amount of $145,080.07;

4. Late charges in the amount of $31,366.00;

5. Servicing fees in the amount of $2,500.00;

6. Special servicing fees in the amount of $1,500.00;

7. Property advances in the amount of $390,431.95;

8. Property tax advances in the amount of $170,972.57;

9. Interest on advances in the amount of $5,200.00;

10. Legal Fees in the amount of $145,453.50;

11. Less Reserve Accounts in the amount of $147,290.00.

(Dkt. 103-1 at 10).[6]

Plaintiff did not submit any documentation in support of its claimed damages on the motion for default judgment and foreclosure and sale, other than a Statement of Damages in

---

[6]    The listed damages provided by Plaintiff do not add up to the total amount of $2,092,218.26.  The listed amounts add up to a total of $2,239,508.26.  The total amount provided by Plaintiff appears to be the sum of the items listed in numbers one through ten above, without the addition of number eleven.  But the description of number eleven, "Less Reserve Accounts," indicates the amount should be subtracted from the total rather than simply omitted.  According to the Court's calculations, the sum of the amounts listed in items one though ten, minus the amount listed in number eleven, equals $1,944,928.26.

the form of an attorney declaration, which simply lists the same amounts noted above. (Dkt. 103-6). Instead, Plaintiff refers to submissions filed in support of its prior motion for default judgment, submitted on July 15, 2025. (*See* Dkt. 103-2 at ¶¶ 4-22; Dkt. 75). On that prior motion, Plaintiff submitted an affidavit from Russell Tuman, a Senior Vice President of Special Servicing, a special servicer authorized to act on Plaintiff's behalf through a limited power of attorney, who oversaw real estate loans owned by Plaintiff including the loan at issue here. (Dkt. 75-2 at ¶¶1-2, 5). According to Mr. Tuman, Defendants failed to pay the debt due on the promissory note beginning in December 2022 and all subsequent installments due thereafter. (*Id.* at ¶ 19). A copy of the loan transaction history spreadsheet annexed to the affidavit confirms that as of July 11, 2025, Defendants owed $1,004,408.48 in unpaid principal. (Dkt. 75-9 at 8). But the other amounts listed in Mr. Tuman's affidavit do not match the amounts sought on the motion for default judgment and foreclosure and sale currently before the Court and Plaintiff has not submitted any material justifying the damages sought on the present motion.[7] It is clear that a "district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty." *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010). Without any basis to support Plaintiff's asserted damages, other than the

---

[7]     Moreover, the loan transaction history spreadsheet provided on the summary judgment motion does not provide sufficient support for the various categories of damages sought. The spreadsheet lists 450 transactions and does not specifically delineate the categories of damages sought nor provide the total sums for those categories. (*See* Dkt. 75-9). For example, it is unclear which listed transactions represent "servicing fees" or "special servicing fees" in the spreadsheet. Similarly, although the loan document lists an annual interest rate of 6.18 percent, Plaintiff's submissions on damages do not include any accounting of the accrued interest on the loan.

amount of unpaid principal, the Court is unable to confirm these claimed amounts with any certainty (let alone reasonable certainty) and therefore cannot award such damages at this time. Accordingly, Plaintiff's request for damages is limited to the $1,004,408.48 in unpaid principal on the loan.[8]

Plaintiff's request for $7,450.66 in costs is also denied without prejudice as Plaintiff has not submitted any documentary evidence in support of these costs, such as receipts.

In sum, Plaintiff's request for default damages is granted to the extent it seeks $1,004,408.48 in unpaid principal, but denied without prejudice as to other damages, costs, and attorneys' fees.

### C. Sale of the Property

Plaintiff moves to approve the sale of the Property pursuant to 28 U.S.C. § 2001. (Dkt. 102-1 at 4). On November 15, 2024, the Court granted the Receiver's motion to market the Property for sale and appointed three disinterested appraisers to appraise the Property. (Dkt. 55). Appraisals were accordingly performed of the various properties. (Dkt. 102-9; Dkt. 102-10; Dkt. 102-11; Dkt. 102-12; Dkt. 102-13; Dkt. 102-14).

The Receiver entered into contracts of sale with respect to fourteen (14) out of the seventeen (17) total properties. (Dkt. 102-1 at 5; Dkt. 102-6 at ¶ 11). On March 31, 2026,

---

[8]    To the extent Plaintiff's request for $145,453.50 in "legal fees" is a request for an award of attorneys' fees, that request is also denied. "The law in this circuit is that no award for attorneys' fees is appropriate where the attorney failed to maintain contemporaneous time records." *Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 150 (S.D.N.Y. 2015) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). This is "a strict rule from which attorneys may deviate only in the rarest of cases." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). Plaintiff failed to provide time records or any support for the claimed $145,453.50 in legal fees, and the Court therefore denies this request without prejudice.

Plaintiff informed the Court that the contract involving the property located at 294 Lexington Ave. was terminated due to a fire at the property. (Dkt. 111). The Receiver seeks the Court's approval to sell the following properties: (1) 117 W. Filbert St.; (2) 136-140 Campbell St.; (3) 14 Durgin St.; (4) 236 Saratoga Ave.; (5) 258 Avis St.; (6) 301 Selye Ter.; (7) 31 Alice St.; (8) 74 Starling St.; (9) 76 Oriole St.; (10) 8 Velox St.; (11) 87 Dix St.; (12) 968 Ridgeway Ave.; and (13) 404 Emerson St. (Dkt. 102-6 at 4). No contract price is below two-thirds of the average appraisal value for each property.[9] The terms of the sales were published in *The Daily Record*, a daily newspaper published in Rochester, New York, from January 6, 2026, through January 20, 2026. (Dkt. 101). Plaintiff and the Receiver have thereby met the procedural requirements for the Court to approve the sale of the Property. The Receiver states that the terms of the contract are fair and in the best interest of the receivership estate (Dkt. 102-6 at ¶ 15) and after reviewing the record, the Court agrees.

But as discussed above, Plaintiff has not met its burden on its motion for default judgment and foreclosure and sale on some of the properties due to its failure to comply with the procedural terms of the RPAPL. In particular, Plaintiff did not serve the notice to tenants as required by RPAPL § 1303 on the tenant that occupies 31 Alice St.—a property the Receiver now seeks to sell. Without a foreclosure order for the property at 31 Alice St., the Court cannot authorize the Receiver's sale of that property. Accordingly, the motion to approve the sale of the thirteen properties with a contract in place is granted except as to 31 Alice St.

---

[9]    The property located at 136 Campbell St. was appraised at $110,000, $60,000, and $63,000, and is contracted to sell for $79,900. (Dkt. 102-6 at ¶ 11). Although $79,900 is below two-thirds of the first appraisal, the contract price is still greater that the average appraisal value of $77,666.66.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to approve the receiver sale filed on December 16, 2025 (Dkt. 94), is denied as moot; the amended motion to approve the receiver sale filed on January 30, 2026 (Dkt. 102), is granted in part and denied in part; and the motion for default judgment and foreclosure and sale (Dkt. 103) is granted in part and denied in part. The motion for default judgment and foreclosure and sale (Dkt. 103) is granted _except_ as to the following properties: 31 Alice St., 103 Marion St., 36 Sterling St., and 8 Immel St. The amended motion to approve the receiver sale (Dkt. 102) is granted _except_ as to 31 Alice St.

Furthermore, Plaintiff's request for default damages is granted to the extent it seeks $1,004,408.48 in unpaid principal, but denied without prejudice as to other damages, costs, and attorneys' fees. Plaintiff is directed to serve a copy of this Decision and Order on Defendants at their last known address and shall file proof of service of the same within seven (7) days of the date of this Decision and Order.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     April 20, 2026
           Rochester, New York

- 18